STATE

v.

Jose **LOPEZ.**

No. 97–546–C.A.

Supreme Court of Rhode Island.

Nov. 19, 1998.

Aaron L. Weisman, Providence, for plaintiff.

Paula Rosin, Providence, for defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument November 2, 1998, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Jose Lopez, appeals from a judgment of conviction entered in the Superior Court in which a jury found him guilty of assault with the intent to commit murder in violation of G.L.1956 § 11–5–1. The trial justice denied defendant's motion for a new trial and sentenced defendant to fifteen years imprisonment, consecutive to sentences that defendant currently is serving for unrelated convictions. This appeal followed.

Since the sole issue on appeal concerns jury selection, only a brief discussion of the facts underlying defendant's conviction is necessary. While serving a sentence for murder and conspiracy, defendant stabbed another inmate, Andres Hernandez, multiple times with a "shank." The defendant and the victim are both of Hispanic descent. The state charged, and a jury later convicted, defendant of the crime of assault with the intent to commit murder. During voir dire, defense counsel objected to the prosecutor's exercise of a peremptory challenge concerning a prospective juror. Defense counsel claimed that the prosecutor struck this juror because of the juror's Portuguese descent. After inquiry by the trial justice, the prosecutor explained his reason for striking the juror stemmed from his own "gut feeling" and the juror's demeanor, not from the juror's ethnicity. The trial justice then overruled defendant's objection.

On appeal, defendant contends that the trial justice erred in overruling his objection to the prosecutor's use of a peremptory challenge to strike "the only prospective Hispanic-surnamed juror." The defendant claims this error violated his right to a jury drawn from a representative cross-section of the community. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

"Under the *Batson* rule, when confronted with an objection to a challenge of a prospective juror made on the [issue] of race, the trial justice must first determine whether there is a prima facie showing that the challenge was motivated by race." *State v. Price*, 706 A.2d 929, 935 (R.I.1998). "Upon such a showing, the burden shifts to the prosecution to articulate its race-neutral reason(s) for challenging that particular juror." *Id.* "The trial [justice] is then left to determine whether the defendant has carried his or her burden of proving purposeful racial discrimination." *Id.* "[T]he decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge."

*State v. Holley*, 604 A.2d 772, 778 (R.I.1992) (quoting *Hernandez v. New York*, 500 U.S. 352, 365, 111 S.Ct. 1859, 1869, 114 L.Ed.2d 395, 409 (1991)). "[T]he trial justice's evaluation of the prosecutor's state of mind is accorded great deference." *Id.*

■ In the case before us, the trial justice did not state whether a prima facie showing of discrimination was made. However, since the trial justice required the prosecutor to offer a reason for the strike, the question of whether defendant established a prima facie case is moot. *See Hernandez*, 500 U.S. at 359, 111 S.Ct. at 1866, 114 L.Ed.2d at 405. For purposes of this opinion, we assume without deciding that the trial justice found that the juror in question belonged to a cognizable ethnic group. This finding might be open to challenge, but for purposes of this opinion we shall accept it and proceed to the remaining steps of the *Batson* inquiry.

The defendant objected to the prosecutor's exercise of a peremptory challenge. The trial justice then prompted the prosecutor to provide a reason for the strike. The prosecutor explained that, based on the juror's demeanor during voir dire and the way the juror answered questions, he formed a "gut feeling" about the juror's desirability which had nothing to do with race. In fact, the prosecutor admitted he had no idea of the juror's particular ethnicity. After hearing the prosecutor's rationale, the trial justice overruled the defendant's objection, apparently viewing the prosecutor's reason as race-neutral. Therefore, since the trial justice accepted both the prosecutor's explanation as satisfying the race-neutral reason for the peremptory challenge and implicitly concluded that the prosecutor did not discriminate on the basis of race or ethnicity, we cannot say that the trial justice was clearly wrong in overruling defendant's *Batson* objection.

For the reasons stated, the defendant's appeal is denied and the judgment of conviction is affirmed.